IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.                                     CRIMINAL ACTION NO. 2:17-cr-00111

EDDIE WAYNE CHAPMAN, JR.,

        Defendant.

MEMORANDUM OPINION AND ORDER

       Pending before the court is Defendant's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [ECF No. 50] and an associated Motion for Appointment of Counsel [ECF No. 49], The court in deciding such motions will consider the following: whether the defendant has exhausted his or her administrative remedies, has demonstrated "extraordinary and compelling reasons," is not a danger to the safety of others, and the § 3553(a) factors. In deciding what constitutes "extraordinary and compelling reasons" for release by reason of COVID-19, a defendant must demonstrate that he or she has a medical condition listed by the Centers for Disease Control and Prevention as causing an increased risk of severe illness from COVID-19 and that he or she is at a facility which cannot effectively prevent the spread of the virus.

       I.       **Background**

       On January 15, 2018, I sentenced Mr. Chapman to 63 months of imprisonment

followed by 3 years of supervised release after he pleaded guilty to Possession with Intent to Distribute a Quantity of Methamphetamine and Felon in Possession of a Firearm. [ECF No. 41]. Mr. Chapman previously filed a Motion for Compassionate Release, which I denied on October 1, 2020, [ECF No. 48], for failure to exhaust administrative remedies.

Mr. Chapman is currently imprisoned at FCI Morgantown in Morgantown, WV. FCI Morgantown is a minimum-security prison that currently houses 443 total inmates. *FCI Morgantown*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/mrg/ (last visited January 5, 2021). As of January 5, 2021, there are thirteen active cases among prisoners or staff at FCI Morgantown. *See COVID-19 Cases*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited January 5, 2021). Since the beginning of the pandemic, there have been a total of 121 cases of COVID-19 among FCI Morgantown inmates.

## II. Discussion

The First Step Act "embodies Congress's intent to reduce the Bureau of Prison's authority over compassionate release petitions and authorizes the district courts to exercise their independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Galloway*, No. CR RDB-10-0775, 2020 WL 2571172, at *3 (D. Md. May 21, 2020) (internal citations removed); *see also United States v. Stephenson*, No. 3:05-CR-00511, 2020 WL 2566760, at *5 (S.D. Iowa May 21, 2020) ("Unqualified deference to

the BOP no longer makes sense now that the First Step Act has reduced the BOP's role.").

For me to reduce Mr. Chapman's sentence under compassionate release, I must find that he has exhausted his administrative remedies, has demonstrated "extraordinary and compelling reasons," and find that his release is consistent with § 3553(a) factors. *See e.g., United States v. Howard*, No. 4:15-CR-00018-BR, 2020 WL 2200855, at *2 (E.D.N.C. May 6, 2020); U.S.S.G. § 1B1.13 (2018). As I will explain, to find "extraordinary and compelling reasons" exist by reason of COVID-19, Mr. Chapman has the burden of demonstrating that he has a medical condition listed by the Centers for Disease Control and Prevention ("CDC") as causing an increased risk of severe illness from COVID-19 and that he is at a facility which cannot effectively prevent the spread of the virus.

### a) Exhaustion of Administrative Remedies and Section 3582(c)(1)(A)

The First Step Act empowers criminal defendants to request compassionate release for "extraordinary and compelling reasons." 18 U.S.C § 3582(c)(1)(A)(i). But before they make such requests, defendants must ask BOP to do so on their behalf and then wait 30 days. *See* § 3582(c)(1)(A). Upon such a motion from BOP or from a defendant (after BOP denies the request or thirty days have elapsed since the request was filed), a court "may reduce the term of imprisonment. . . ." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. McCoy*, --- F.3d ---, 2020 WL 7050097, at *8 (4th Cir. Dec. 2, 2020).

3

Mr. Chapman attached to his Motion, documents showing that he requested compassionate release from the warden at FCI Morgantown on October 9, 2020. [ECF No. 50, at 10]. Mr. Chapman's request was denied by the warden on October 26, 2020. [ECF No. 50, at 10]. Because more than thirty days have passed since Mr. Chapman sent his initial request to the warden, I find that Mr. Chapman has exhausted his administrative remedies. As such, I now turn to whether Mr. Chapman has alleged extraordinary and compelling reasons that would justify compassionate release.

### b) Extraordinary and Compelling Reasons

Once an inmate has satisfied administrative exhaustion, courts may reduce their sentences upon a finding of "extraordinary and compelling reasons." *See* 18 U.S.C. § 3582(c)(1)(A).

There are "disagreements [among district courts] about the precise definition of 'extraordinary and compelling reasons' justifying compassionate release."[1] *United States v. Cotinola*, No. 13-CR-03890-MV, 2020 WL 2526717, at *3 (D.N.M. May 18, 2020). But the United States Court of Appeals for the Fourth Circuit has clarified that district courts are not bound by the enumerated extraordinary and compelling

---

[1] The specific extraordinary and compelling reasons listed in the Sentencing Guidelines for BOP to consider include i) the defendant is suffering from a terminal or serious medical condition; ii) age of defendant; iii) family circumstances of defendant; and iv) "other reasons." U.S.S.G. § 1B1.13; *United States v. Bass*, No. 1:10-CR-166 (LEK), 2020 WL 2831851, at *3–4 (N.D.N.Y. May 27, 2020). "Following the passage of the First Step Act, courts may independently determine whether such 'other reasons' are present in a given case, without deference to the determination made by the BOP." *United States of America v. Thaher,* No. 17 CR. 302-3 (KPF), 2020 WL 3051334, at *4 (S.D.N.Y. June 8, 2020).

reasons listed in Guidelines § 1B1.13 because the Guidelines have not been updated since the passage of the First Step Act. *United States v. McCoy*, --- F.3d ---, 2020 WL 7050097, at *8 (4th Cir. Dec. 2, 2020) ("As of now, there is no Sentencing Commission policy statement 'applicable' to the defendants' compassionate-release motions, which means the district court need not conform . . . to § 1B1.13 in determining whether there exist 'extraordinary and compelling reasons' for a sentence reduction."). "District Courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *McCoy*, at *9 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

Many courts have found "extraordinary and compelling" reasons "supporting release on the basis of a combination of dire prison conditions and underlying health conditions that increase the likelihood of severe illness from COVID-19." *See e.g.*, *Bass*, 2020 WL 2831851, at *7 (citing *e.g.*, *Rodriguez*, 2020 WL 1627331, at *9 (finding an "extraordinary and compelling reason" on the basis of the inmate's diabetes, high blood pressure, and liver abnormalities, the outbreak at FCI Elkton, and the short period remaining on his sentence); *United States v. Sawicz*, No. 08-CR-287 (ARR), 2020 WL 1815851, at *2 (E.D.N.Y. Apr. 10, 2020) (finding an "extraordinary and compelling reason" on the basis of the inmate's hypertension and conditions at FCI Danbury). I previously granted compassionate release to a defendant who was immunocompromised—suffering from a liver disease, Hepatitis C. *See United States v. White*, No. 2:17-CR-00198-4, 2020 WL 3244122, at *6 (S.D. W. Va. June 12, 2020); *see also Coronavirus Disease 2019 (COVID-19): People with Certain Medical*

*Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Sept. 20, 2020) (listing "immunocompromised state" as an underlying medical condition causing an "increased risk for severe illness from COVID-19").

In addition, many courts rely upon CDC guidance for whether a medical condition constitutes an "extraordinary and compelling" reason for release. *See e.g., United States v. Salvagno*, No. 5:02-CR-51 (LEK), 2020 WL 3410601, at *4 (N.D.N.Y. Apr. 23, 2020), reconsideration denied (June 22, 2020) ("The Centers for Disease Control and Prevention has advised that people with hypertension face an increased risk of severe illness from COVID-19."); *United States v. Nygren*, No. 1:16-CR-00106-JAW, 2020 WL 4208926, at *12 (D. Me. July 22, 2020) ("Based on the medical records in this case and the CDC guidance . . . ."); *United States v. Bell*, No. 18-CR-60115-BB-4, 2020 WL 4217724, at *4 (S.D. Fla. July 23, 2020) ("CDC guidance indicates that individuals with the following health conditions are at a higher risk of contracting severe illness due to COVID-19 . . . ."). And many courts reject compassionate release petitions when the defendant does not suffer from any conditions recognized by CDC as causing an increased risk of severe illness from COVID-19. *See e.g., United States v. Adeyemi*, No. CR 06-124, 2020 WL 3642478, at *19 (E.D. Pa. July 6, 2020) ("Mr. Adeyemi's asthma does not currently fit the Centers for Disease Control and Prevention's high-risk category."); *United States v. Mollica*, No. 2:14-CR-329-KOB, 2020 WL 2811504, at *3 (N.D. Ala. May 29, 2020) ("Ms. Mollica is under 65 and the CDC has not listed the underlying conditions from which

she suffers as creating particular risk for COVID-19."); *United States v. Arroyo*, No. 2:19-CR-54-1-TLS-JPK, 2020 WL 3118787, at *4 (N.D. Ind. June 12, 2020) ("High cholesterol is not listed on the CDC website as a risk factor related to COVID-19 . . . ."); *United States v. Cosby*, No. 18CR4474-JAH, 2020 WL 3840567, at *4 (S.D. Cal. July 7, 2020) ("CDC has not listed epileptic seizures as a condition that places individuals at a higher risk of severe illness."); *United States v. Frazer*, No. CR 19-110, 2020 WL 2404893, at *2 (E.D. Pa. May 12, 2020) ("Sleep apnea is not listed by the CDC as a serious underlying medical condition that could increase a person's risk for severe illness from COVID-19.").

I join other courts in holding that I cannot find that "extraordinary and compelling" reasons exist to grant release because of COVID-19 unless the inmate has a condition that makes him or her more at risk for developing a serious illness from COVID-19 *and* the facility where the inmate is housed has conditions such that its inmates are at a high risk of contracting COVID-19. *See United States v. Raia*, 954 F.3d 594, 594 (3d Cir. 2020) ("But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ."); *United States v. Penaloza*, No. 19-238, 2020 WL 1555064, at *2 (D. Md. Apr. 1, 2020) ("[T]he mere presence of the virus, even in the detention setting, does not translate to the release of a person accused.").

In deciding which conditions result in an inmate being a higher risk for COVID-19, I will defer to CDC's list of medical conditions causing an increased risk of severe illness from COVID-19. *See Coronavirus Disease 2019 (COVID-19): People*

7

*with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited [DATE]). Using CDC guidance will allow for more predictable standards in deciding which defendants have "extraordinary and compelling" reasons justifying release.

If an inmate can demonstrate that he or she has a condition identified by CDC, next, the defendant must show that his or her prison conditions are such that BOP cannot effectively prevent the spread of COVID-19. Factors include but are not limited to the steps BOP has taken to stop the spread of COVID-19 in that particular prison and steps to follow CDC guidance, the ability of inmates to socially distance, the amount of hygiene products and face masks provided to inmates, and the number of COVID-19 cases in that prison.

In his Motion, Mr. Chapman alleges that he suffers from hypertension, high cholesterol, and obesity. However, Mr. Chapman provides no other details about his alleged conditions, and failed to attach any medical records or other documentary evidence to demonstrate their existence. Because Mr. Chapman has not demonstrated that he does, in fact, have a condition on the CDC's list, I am unable to find extraordinary and compelling reasons to justify his release.

### III. Conclusion

For the foregoing reasons, Defendant's Motion for Compassionate Release [ECF No. 50] and the associated Motion for Appointment of Counsel [ECF No. 49] are **DENIED without prejudice.** The court **DIRECTS** the Clerk to send a copy of this

Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: January 5, 2021

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

9